**Motion for En Banc Reconsideration Denied and Concurring Opinion on Order filed February 4, 2021.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-19-00314-CV

---

## FAIR OAKS HOUSING PARTNERS, LP INDIVIDUALLY AND D/B/A MAXEY VILLAGE APARTMENTS AND MAXEY APARTMENTS, LLC, Appellant

v.

## EDWIN HERNANDEZ, Appellee

---

### On Appeal from the 295th District Court
### Harris County, Texas
### Trial Court Cause No. 2013-74985

---

### CONCURRING OPINION ON
### DENIAL OF EN BANC RECONSIDERATION

I concur in the denial of the motion for en banc reconsideration to ask the Supreme Court of Texas to revisit the issue of finality in trial-court judgments.

*Lehmann v. Har-Con Corporation*, issued almost twenty years ago, is one of the supreme court's great procedural opinions. 39 S.W.3d 191 (Tex. 2001). The

court grappled with a difficult issue that is fundamental to appellate practice. But for those who serve in the intermediate appellate courts, we still struggle with the issue of finality of the trial court's judgment and whether there is fundamental error in the appeal because we do not have subject-matter jurisdiction.

I do not pretend to have easy answers, and *Lehmann* discussed the pros and cons of other possible approaches. If litigants, lawyers, and trial judges all read *Lehmann*, presumably most, if not all, of the problems would go away. But here we are.

Perhaps it is time to codify *Lehmann* in the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure. Chief Justice Hecht joined the concurrence in *Donwerth v. Preston II Chrysler-Dodge, Inc.*,[1] which discussed the problem of revising procedural rules in caselaw. 775 S.W.2d 634, 644 (Tex. 1989) (Ray, J., concurring, joined by Mauzy and Hecht, JJ.). Codifying *Lehmann* in the rules would not hurt. And perhaps it is time to revisit a certification process in the trial court like that in criminal appeals. *See* Tex. R. App. P. 25.2(d). The CODRA[2] process is not perfect, but it helps. *Lehmann* discussed and rejected this approach; perhaps it is time to reconsider. *Lehmann*, 39 S.W.3d at 204–05.

A specific problem arises in implementing the *Lehmann* abatement practice by permitting trial-court "clarification." 39 S.W.3d at 206 (citing Tex. R. App. P. 27.2). Rule 27.2 permits the appellate court to allow "an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."[3] Tex. R.

---

[1] *Donwerth* discussed a difficult procedural issue that was ultimately resolved in the 1997 Texas Rules of Appellate Procedure, which eliminated the cost bond or certificate of cash deposit as the instrument that perfected a civil appeal.

[2] CODRA is an acronym for certification of defendant's rights of appeal.

[3] The *Lehmann* "clarification" refers to the trial court signing a modified order to achieve

App. P. 27.2. Because *Lehmann* cites Rule 27.2, the "clarification" process seemingly requires the appellate court to determine that the judgment is not final before abating under *Lehmann*. This is problematic for two reasons, first, determining finality when the parties are unaware there is an issue can be difficult, and second, if the appellate court does not spot the finality issue before briefs are filed, the appeal turns into what can politely be described as an unfortunate situation. The appellate courts screen for jurisdiction when cases are filed, as they should, but that uses limited court resources, and that process is not perfect. I question whether anyone feels justice is done when an appeal is dismissed postsubmission for lack of jurisdiction. There must be a better way to identify these jurisdictional problems, preferably in the trial court.

A more subtle problem is under what circumstances should the appellate court utilize *Lehmann* "clarification" abatements. If the underlying case is interlocutory, then what are the ethical considerations of abating the appeal of the nonfinal judgment and instructing the trial court to make it final? Unless all parties to the underlying case agree to an abatement to obtain a final judgment, then how does the appellate court remain impartial if it dictates specific action in the trial court during the abatement? Absent an agreement, the impartial solution is for the appellate court to give notice of involuntarily dismissal for lack of jurisdiction,

---

a final judgment. The date of that modified order is the date of the trial court's final judgment. Anything else would bring about the absurd result Justice Baker warned of in his *Lehmann* concurrence: "Oftentimes in these cases litigation continues to move forward. Any error in including magic finality language in a summary judgment is not discovered until it is too late; the appellate timetable has expired and the trial court has lost plenary power to act. The litigants have forever lost their right to complain of the judgment." *Lehmann*, 39 S.W.3d at 215 n.5 (Baker, J., concurring). Surely *Lehmann* does not authorize the trial court to retroactively "clarify" its nonfinal judgment to make it final and potentially unappealable because the appellate timetables have retroactively run. Such an interpretation would presumably violate constitutional procedural due process and due course of law by depriving a party of notice that the judgment was final and an opportunity to be heard on appeal.

3

dismiss the appeal if appropriate, and let the parties and trial court resolve the case, *e.g.*, by non-suit, settlement, severance, proceeding to trial. *See* Tex. R. App. P. 42.3. It is, after all, the responsibility of trial judges, not appellate judges, to ensure that all cases are brought to trial or final disposition. *See* Tex. R. Jud. Admin. 6.1. Additionally, a *Lehmann* "clarification" abatement presumably cannot be used to delegate to the trial court the appellate court's responsibility to determine its own subject-matter jurisdiction.

A generation has passed since *Lehmann*. While a perfect solution is not possible, I have faith that with guidance from the supreme court, Texas courts can come up with a better method of (1) ensuring that trial courts render final judgments when that is the intent and (2) efficiently screening for subject-matter jurisdiction in the appellate courts before briefs are filed.

I concur in the denial of en banc reconsideration because any concerns with this court's opinion and judgment are best resolved by the high court.


/s/     Charles A. Spain
Justice

En banc court consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson.

Justice Spain filed a concurring opinion.

Tex. R. App. P. 47.5.

4